**JUVENILE COURT PROCEDURAL RULES COMMITTEE**
**FINAL REPORT[1]**

**Amendment of Pa.R.J.C.P. 163, 195, 512, and 1147**
**New Pa.R.J.C.P. 148, 1146, and 1148**

On December 21, 2018, the Supreme Court amended Rules of Juvenile Court Procedure 163, 195, 512, and 1601, and adopted new Rules 148, 1146, and 1148 to improve the educational stability of juveniles and children, effective May 1, 2019. The changes consist of three components: 1) changes to implement the Act of November 3, 2016, P.L. 1061, concerning truancy matters; 2) changes to update Rule 1147 in light of Act 94 of 2015, P.L. 559, which amended 42 Pa.C.S. § 6351(F)(8); and 3) the creation of procedures for the judicial determination of the delivery of educational services for dependent/delinquent youth in placement.

This proposal was previously published for comment at 47 Pa.B. 3336 (June 7, 2017). Following the review and deliberation on all the comments received, the Committee revised the proposal in several aspects.

**Truancy**

In 2016, Pennsylvania substantially revised its truancy laws. Section 5 of the Act of November 3, 2016, P.L. 1061, amended Section 1333.3(F)(2) of the Public School Code, 24 P.S. § 13-1333.3(f)(2). In response, the Committee proposed amending Rule 195 to add paragraph (A)(13) to recognize that a juvenile probation officer (JPO) may receive allegations that a child has also failed to satisfy penalties arising from a truancy citation. Consistent with the statute, the Rule first required a local rule permitting the receipt of these allegations. It is contemplated that the local rule would provide guidance as to further actions of the juvenile probation officer with regard to those allegations.

A commenter suggested that Rule 195 should discuss the purpose for which the JPO may receive allegations. The Committee concluded that the statute, 24 P.S. § 13-1333.3(f)(2), speaks for itself. While the statute does not explicitly provide for diversionary programs, the Committee saw merit in the continued use of diversionary programs when the President Judge via local rule approved such a program. Accordingly, the Committee revised the Comment to Rule 195 to specifically reference the availability of diversionary programs.

---

[1]     The Committee's Final Report should not be confused with the official Committee Comments to the rules. Also note that the Supreme Court does not adopt the Committee's Comments or the contents of the Committee's explanatory Final Reports.

The Committee believed the truancy legislation also provided an opportunity to coordinate actions between the dependency court and the court where a truancy citation is filed when a dependent child or a "person in parental relation" to the child is charged with truancy.  As amended, 24 P.S. § 13-1333.2(b)(1) requires the court to send a hearing notice to the county agency when a truancy citation is filed.  Utilizing this notice mechanism, Rule 1146 would require the county agency to then provide notice of the hearing to the dependency court and the parties.  Thereafter, the dependency court judge and the truancy court judge could coordinate proceedings.

Based upon the comments, the Committee realized that the proposed language may be interpreted to require notice be given to the dependency court in truancy matter.  That was not the intention.  Post-publication, Rule 1146 was revised to clarify that the county agency need only serve a copy of the truancy notice on the court and parties if there was an open dependency matter.

**Education Decision Makers (Rule 1147)**

Act 94 of 2015 amended 42 Pa.C.S. § 6351(F)(8) to require at each permanency hearing a judicial determination of the services needed to assist a child who was 14 years of age or older to successfully transition to adulthood.  The amendment lowered the age of applicability from 16 years of age to 14.  This amendment was incorporated into Rule 1608(D)(1)(k) on December 9, 2015.

Rule 1147(C)(1)(d), regarding the duties of educational decision makers ("EDMs"), requires EDMs to inquire and act to ensure that a child 16 years of age or older is receiving the necessary educational services to transition to independent living.  Upon review of the legislation, the Committee believed that "services" in Section 6351(F)(8) of the Juvenile Act included "educational services" as used in Rule 1147.  Accordingly, the Committee proposed to amend Rule 1147 and the Comment to reflect that interpretation, including the lower age.

**Educational Stability (Rule 148 and 1148)**

The Elementary and Secondary Education Act of 1965, *as amended*, 20 U.S.C. § 6311(g)(1)(E), requires that a child in placement remain in their school of origin unless it is not in the child's best interest.  In response, the Committee proposed new Rule 1148 to establish a procedural requirement for the court to conduct a best interest analysis if a child in placement was not to remain in their school of origin.  The Rule's purpose was to maintain the child's educational stability.  Further, this requirement would extend beyond dependency proceedings to include the removal of a juvenile from home in delinquency proceedings via new Rule 148.  Both Rule 148 and Rule 1148

would be applicable to any order resulting in the placement of a child or the removal of a juvenile from home.

Several commenters suggested "or a change in placement" be added to paragraph (A) of Rules 148 and 1148 so that educational needs were addressed not just upon removal, but also when there was a change in placement. The Committee agreed and revised the text to add this suggestion.

There was a suggestion to strike "community's best interest" in paragraph (B) of Rule 148. The Committee believed that the court was required to consider the protection of the community in delinquency matters and it was a sufficiently important factor when considering educational needs that it should be specifically included in the rule text. The language was revised from "community's best interest" to "protective of the community" to more closely reflect the language of the Juvenile Act. This revision was made to paragraph (B) and (C).

A commenter recommended adding a new paragraph (E) that would require the court's decision regarding the juvenile's schooling to be in a separate order and served on the school responsible for educating the juvenile. The Committee did not favor requiring a separate order - a separate order was not needed in every case so it did not seem efficient to require a separate order in every case. There may be times when a separate order is necessary to avoid disclosing unnecessary details to the school, but the courts have the discretion to enter such orders. Notwithstanding, the Committee favored including a citation to Rule 148 in the Comment to Rule 163 (Release of Information to School) to indicate that sharing educational stability information was permitted.

Rule 1148 is the dependency analog to Rule 148. While the procedures set forth in both rules are very similar, the stakeholders in delinquency and dependency proceedings differ, which is reflected in the comments to Rule 1148. It is beyond countenance that the court is obligated to ensure the stability and appropriateness of a child's education. *See, e.g.*, Pa.R.J.C.P. 1512(D)(1)(i); Pa.R.J.C.P. 1609(E)(1)-(2). The commentary accompanying the Rules requires the court to address the child's educational stability, including 1) the child's right to remain in the same school regardless of a change in placement when it is in the child's best interest; 2) the immediate enrollment when a school change is in the child's best interest; and 3) consideration of the school's proximity in all placement changes. The changes brought by the Every Student Succeeds Act, Pub. L. 114-95, amending 20 U.S.C. § 6311, only serve to reinforce what is already required by the Rules - once the child is subject to juvenile court jurisdiction, the court is required to make educational decisions in the child's best interest.